UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br>              Petitioner,<br>   v.<br>P. COVELLO,<br>              Respondent. | Case No. 23-cv-06560-RFL (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 8 |

      This suit was filed as a habeas petition for relief from state convictions. Some of his allegations are a direct challenge to the legality of his underlying state convictions. (Pet., Dkt. No. 1 at 11-12.) Those claims are barred because this would be his second or successive habeas petition challenging those convictions, as noted in another recent opinion. *Calderon v. The People*, 23-cv-05907 BLF (PR), Dkt. No. 11 at 2 (dismissing his challenge to those convictions as successive).

      The remainder of his allegations, which constitute the core of his complaint, concern his suit against state and federal actors for the allegedly biased and corrupt manner in which they handled his prior habeas petitions. (Pet., Dkt. No. 1 at 7-9.) Those allegations are not the proper subject of a habeas action, but must be brought instead as a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-892 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

      In an appropriate case, a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although a district court may construe a habeas petition as a civil rights action, it is not required to do so. Since

the time when the *Wilwording* case was decided, there have been significant changes in the law.  For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $405 ($350 if pauper status is granted) and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account.  *See* 28 U.S.C. § 1915(b).  A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $405 fee would be deducted from income to his or her prisoner account.  Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.  Accordingly, under the current law, there may be reasons why a petitioner would prefer not to have his habeas petition construed as a section 1983 action.

In view of these potential pitfalls for petitioner Calderon if his petition were construed as a civil rights complaint, the case is DISMISSED without prejudice to petitioner filing a civil rights action if he wishes to do so.

A certificate of appealability will not issue.  Calderon has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Calderon's motion to proceed in forma pauperis is GRANTED.  (Dkt. No. 8.)

The Clerk shall terminate Dkt. No. 8, enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:**  May 3, 2024

_____
RITA F. LIN
United States District Judge